[Nos. D049563, D050090. Fourth Dist., Div. One. Mar. 10, 2008.]

ZAGAMI, INC., Plaintiff and Respondent, v.
JAMES A. CRONE, INC., Defendant and Appellant.

## COUNSEL

Richard W. Weinthal for Defendant and Appellant.

Niddrie, Fish & Buchanan, David A. Niddrie; Law Offices of Jack A. Balistreri and Jack A. Balistreri for Plaintiff and Respondent.

## OPINION

**McCONNELL, P. J.**—Defendant James A. Crone, Inc. (Crone), appeals a judgment in favor of plaintiff Zagami, Inc. (Zagami), entered on a special verdict. The jury found Crone breached a contract with Zagami for the rental and delivery of a "skiploader" tractor Zagami supplied to Crone for use at a jobsite Crone managed. The jury awarded Zagami damages of $15,500 on its breach of contract claims and on its common count for open book account. However, for purposes of Zagami's common count for goods and services rendered, the jury valued the skiploader, which disappeared from the jobsite, at $30,000. In subsequent briefing the trial court requested, Crone sought to have the lesser award entered as the amount of the judgment based on what it described as an "unambiguous" jury verdict. Zagami argued the proper amount of the judgment should be a minimum of $30,000. The court agreed mostly with Zagami, and entered judgment against Crone for $30,000.

The court subsequently determined Zagami was the prevailing party under the parties' written rental agreement, and awarded attorney fees, costs and prejudgment interest. The court entered an amended judgment for Zagami, which Crone separately appealed.[1]

Crone contends the court erred in entering a monetary judgment in favor of Zagami in *any* amount because the jury's award of $15,500 to Zagami on its breach of contract and open book account claims is "fatally inconsistent" with its determination the skiploader was worth $30,000 when it disappeared. Crone contends it is entitled to a new trial on damages *and* liability. Crone further contends the court erred when it rejected Crone's proffered estoppel instruction. Finally, regarding the award of attorney fees, Crone contends the court erred when it determined Zagami was the prevailing party under the contract because the special verdict was ambiguous regarding whether the contract contained an attorney fees provision.

 We conclude the court erred when it entered judgment for Zagami in the amount of $30,000 because the damages findings in the special verdict are

---

[1] The appeal from the amended judgment, case No. D050090, was consolidated with case No. D049563 by order dated December 5, 2007.

hopelessly ambiguous. We reach this conclusion although neither party objected to the verdict before the jury was discharged. We further conclude the court did not err in rejecting Crone's estoppel instruction. We therefore reverse the judgment and remand the matter for a new trial, but only on the issue of damages. Finally, in light of the limited reversal of the damages portion of the judgment, we also reverse the attorney fees award in favor of Zagami.

## FACTUAL AND PROCEDURAL BACKGROUND

In March 2003 Crone rented a skiploader from Zagami for Crone's use at an eight-acre construction project it managed known as the Signature Pavilion shopping center located in Escondido, California. Crone had rented various pieces of equipment from Zagami for many years for use in its construction business.

A dispute arose between the parties when the skiploader vanished from the construction project. Crone took the position Zagami never delivered the skiploader to the project. Alternatively, Crone contended that if Zagami delivered the skiploader to the construction site, the delivery was ineffective to transfer responsibility to Crone for its disappearance because no representative from Crone accepted delivery. Zagami claimed it delivered the skiploader to the jobsite, a Crone agent accepted delivery, and Crone was responsible for the loss either under the terms of the parties' rental agreement signed by Crone's agent, or as a result of the parties' course of dealing. Zagami sued Crone in 2004 for breach of contract, breach of the implied covenant of good faith and fair dealing and common counts for goods and services rendered and open book account.

Zagami proffered evidence at trial regarding the circumstances surrounding the ordering, delivery and acceptance of the missing skiploader. Zagami also put on evidence regarding the parties' customs and practice in ordering and delivering equipment over the course of the parties' business relationship. Zagami's expert testified the value of the lost skiploader was between $30,000 and $35,000. Zagami also sought damages for loss of rental income due to the skiploader's disappearance, based on daily, weekly and monthly rental rates of $185, $740, and $2,220, respectively, as provided in the written rental agreement. Crone did not offer any evidence to rebut Zagami's expert, but instead took the position it never received or accepted the skiploader, and thus was not liable for its loss or for the loss of rental income.

At the conclusion of the presentation of evidence, in hearings outside the presence of the jury, Crone moved for nonsuit based on a bailment theory of liability and the lack of evidence of any negligence by Crone in connection

with the loss of the skiploader. The court denied the motion, finding negligence principles did not apply because Zagami elected to pursue Crone under a breach of contract theory.

The court next rejected Zagami's request to use a general verdict form, and cautioned the parties the draft of the special verdict they proposed was "confusing" and posed a risk of allowing "duplicative damages." The court recognized the parties' dispute was really "simple"—whether Crone received and accepted delivery of the skiploader through its ostensible agent, which the court opined would be decided by the jury largely on the basis of witnesses' credibility.

### A. Jury Instructions

The court instructed the jury that if it found liability on more than one cause of action, an award of damages would be limited to the value of the skiploader and rent, and only one damage figure would apply to each and every cause of action: "As counsel indicated, were you to find liability on any of the causes of action and to the issue of damages, you should understand that the only request for damages has been the fair market value of the skiploader and rent. So we don't provide for duplicative, triplicate, and so on, on damages . . . a damage finding of one amount in each and every cause of action is the only amount that we will be giving. Everybody understand that? Good."

During deliberations, the jury submitted the following questions to the court:

"(1) Can we ask both parties to pay for their own lawyer's fees and other costs involved in the case as part of the settlement?

"(2) Can we make a dollar amount for less than they are asking also? For instance one dollar and up?"

The court gave the jury the following written response (reviewed and agreed to by counsel):

"Question No. 1: The judge will make the determination as to attorney fees and costs, not the jury.

"Question No. 2: The jurors make a determination based on the facts and evidence as to the damages, if any."

### B. The Special Verdict

The jury subsequently returned a verdict in favor of Zagami on each of its four causes of action, summarized as follows:

Section I—Breach of contract: Zagami and Crone entered into a contract for the rental and delivery of a skiploader. Zagami performed under the terms of the contract, and Crone breached it. Zagami was damaged in the amount of $15,500 by that breach.

Section II—Breach of the implied covenant of good faith and fair dealing: Crone breached the implied covenant of good faith and fair dealing in connection with the contract for the rental and delivery of the skiploader. Zagami was damaged in the amount of $15,500 by that breach. ("Enter the amount of damages . . . without regard to any amount of any damages entered in SECTIONS I and II [*sic*]. Damages entered in SECTIONS I and II will not be compounded.")

Section III—Goods and services rendered: Zagami delivered the skiploader to Crone or its agent. The reasonable value of the skiploader is $30,000. ("Enter the amount . . . without regard to any amount of any damages entered in SECTIONS I and II. Damages entered in SECTIONS I, II and III will not be compounded.")

Section IV—Open book account: Crone is liable to Zagami for the common count of open book account, based on the jury's finding Zagami and Crone entered into a contract for the rental and delivery of the skiploader, and based on Zagami's delivery of the skiploader to Crone or its agent. Zagami has been damaged in the amount of $15,500. ("Enter the amount of damages . . . without regard to any amount of any damages entered in SECTIONS I, II and III. Damages entered in SECTIONS I, II, III and IV will not be compounded.")

After the verdict was announced, the parties requested the jury be polled. Neither party, however, objected to the verdict or asked the court to instruct the jury to clarify or correct the damages findings before it was discharged.

Zagami sought entry of judgment for $30,000 based on the reasonable value of the lost skiploader, while Crone submitted a proposed judgment for the lesser damage award of $15,500. In light of this confusion, the trial court requested additional briefing from the parties in support of their competing proposed judgments.

In supplemental briefing, Crone contended the jury's verdict was "unambiguous" and requested judgment be entered for $15,500. Crone further contended it was "obvious" the jury considered the third cause of action for goods and services rendered to be "advisory" only. Alternatively, Crone argued that if the court found ambiguity in the verdict, particularly in light of the damages findings in connection with the common counts, the court should

interpret the verdict in light of the pleadings, evidence and instructions, as required by *Woodcock v. Fontana Scaffolding & Equip. Co.* (1968) 69 Cal.2d 452, 457 [72 Cal.Rptr. 217, 445 P.2d 881] (*Woodcock*).

Zagami argued the court should interpret the verdict under Code of Civil Procedure section 663, and enter judgment on its behalf for a minimum of $30,000 because it presented uncontroverted evidence the skiploader was worth between $30,000 and $35,000 when it disappeared. Zagami further argued the jury instructions referred to Zagami's damages as the fair market or reasonable value of the skiploader, and Crone presented no evidence either to rebut this valuation or to support the jury's determination of Zagami's damages as being only $15,500. Thus, according to Zagami, the "only fair, reasonable and rational interpretation of the verdict and the monetary amount of the judgment must be $30,000."

At an ex parte hearing, the court entered judgment against Crone for $30,000.[2] The judgment provided it could be amended to add prejudgment interest, attorney fees and costs, as the court may determine in the future.

## C. *Award of Attorney Fees*

Zagami filed a motion for attorney fees seeking an award of $69,250. Zagami argued, among other things, it was the prevailing party under an attorney fees provision in the written rental agreement signed by Crone's agent at the construction site, when Zagami delivered the skiploader. It further argued the parties used the same, standard written rental agreement in their business transactions; Crone was aware of the attorney fees clause in the standard agreement; and at times Crone accepted delivery of equipment from Zagami without signing the agreement.

Crone opposed the motion by contending the jury's verdict was ambiguous because the jury did not specify whether Crone had breached the written rental agreement containing the attorney fees provision, or an oral agreement between the parties devoid of such a provision. Crone also argued Zagami was not the prevailing party because the jury only awarded Zagami $15,500 on its breach of contract claim, which Crone claimed was a "mixed verdict." Finally, Crone claimed the court erred when it did not apportion fees after Zagami dismissed certain parties at trial.

The court granted Zagami's attorney fees motion and awarded it $46,167. The court rejected Crone's argument it never signed the written rental

---

[2] The ex parte court minutes show a court reporter was not present at this hearing to report the matter.

agreement, and found Zagami had prevailed under its breach of contract claims. The court further noted the evidence at trial showed the parties used a standard written rental agreement in their business transactions, and there was a custom or practice between the parties of Zagami delivering certain equipment without Crone signing for it. Finally, the court ruled Zagami was entitled to $2,700 in prejudgment interest from the date of the special verdict through the entry of judgment, and $6,040.86 in costs.[3]

## DISCUSSION

### A. *Governing Law*

■ Crone contends the special verdict is "fatally inconsistent" because the jury awarded Zagami damages of $15,500 on its breach of contract claims and on its common count for open book account, but valued the skiploader at $30,000 for purposes of Zagami's other common count for goods and services rendered. This issue is governed by *Woodcock, supra,* 69 Cal.2d at pages 456–457, which outlined the law relevant to a trial court's consideration of a potentially ambiguous or inconsistent verdict, and appellate review of such a verdict: " 'If the verdict is ambiguous the party adversely affected should request a more formal and certain verdict. Then, if the trial judge has any doubts on the subject, he may send the jury out, under proper instructions, to correct the informal or insufficient verdict.' [Citations.] But where no objection is made before the jury is discharged, it falls to 'the trial judge to interpret the verdict from its language considered in connection with the pleadings, evidence and instructions.' [Citations.] Where the trial judge does not interpret the verdict or interprets it erroneously, an appellate court will interpret the verdict if it is possible to give a correct interpretation. [Citations.] If the verdict is hopelessly ambiguous, a reversal is required, although retrial may be limited to the issue of damages. [Citations.]" (*Id.* at pp. 456–457, fn. omitted.)

■ *Woodcock* thus recognizes a multilayered approach in dealing with a potentially defective special verdict. If the jury has not been discharged, the trial judge should request the jury to correct or clarify a potentially ambiguous or inconsistent verdict. (*Woodcock, supra,* 69 Cal.2d at p. 456; see also Code Civ. Proc., § 619;[4] *Mendoza v. Club Car, Inc.* (2000) 81 Cal.App.4th 287, 303 [96 Cal.Rptr.2d 605] (*Mendoza*) [trial judge may be obligated to

---

[3] Crone has not objected on appeal to the award of prejudgment interest or costs. Because the $30,000 judgment is reversed for retrial of damages only, the award of prejudgment interest also is reversed, subject to recalculation after the retrial of damages.

[4] Code of Civil Procedure section 619 states, "When the verdict is announced, if it is informal or insufficient, in not covering the issue submitted, it may be corrected by the jury under the advice of the Court, or the jury may be again sent out."

require the jury to correct or clarify a potentially ambiguous verdict, and its refusal to do so may be an abuse of discretion]; *Van Damme v. McGilvray Stone Co.* (1913) 22 Cal.App. 191 [133 P. 995] [when the court's attention is called to an improper verdict, it is the court's duty to instruct further the jury upon the subject of the legal limitation of the verdict under consideration].) A court's instruction to the jury to deliberate further to correct a potentially ambiguous or inconsistent verdict is reviewed for abuse of discretion. (*Maxwell v. Powers* (1994) 22 Cal.App.4th 1596, 1603–1604 [28 Cal.Rptr.2d 62].) However, a special verdict's correctness is analyzed as a matter of law and therefore subject to de novo review. (*Mendoza, supra*, at p. 303.)

 If the jury has been discharged and the verdict is "hopelessly ambiguous," the judgment must be reversed. (*Woodcock, supra*, 69 Cal.2d at p. 457; see *City of San Diego v. D.R. Horton San Diego Holding Co., Inc.* (2005) 126 Cal.App.4th 668, 682 [24 Cal.Rptr.3d 338] (*Horton*).)[5] A court reviewing a special verdict does not infer findings in favor of the prevailing party (*Trujillo v. North County Transit Dist.* (1998) 63 Cal.App.4th 280, 285 [73 Cal.Rptr.2d 596]), and there is no presumption in favor of upholding a special verdict when the inconsistency is between two questions in a special verdict. (*Mendoza, supra*, 81 Cal.App.4th at pp. 302–303.) "Where there is an inconsistency between or among answers within a special verdict, both or all the questions are equally against the law." (*Horton, supra*, at p. 682; see *Shaw v. Hughes Aircraft Co.* (2000) 83 Cal.App.4th 1336, 1344 [100 Cal.Rptr.2d 446]; *Morris v. McCauley's Quality Transmission Service* (1976) 60 Cal.App.3d 964, 973 [132 Cal.Rptr. 37].) "The appellate court is not permitted to choose between inconsistent answers." (*Horton, supra*, at p. 682.) In those instances, however, retrial may be limited to the issue of damages. (*Woodcock, supra*, at p. 457; *Aynes v. Winans* (1948) 33 Cal.2d 206, 210 [200 P.2d 533]; *Mixon v. Riverview Hospital* (1967) 254 Cal.App.2d 364, 380 [62 Cal.Rptr. 379]; *West v. Duncan* (1962) 205 Cal.App.2d 140, 144 [22 Cal.Rptr. 833]; *Shell v. Schmidt* (1954) 126 Cal.App.2d 279, 294 [272 P.2d 82].)

 If a verdict is not "hopelessly ambiguous," the court may " 'interpret the verdict from its language considered in connection with the pleadings, evidence and instructions.' " (*Woodcock, supra*, 69 Cal.2d at pp. 457, 456; see *All-West Design, Inc. v. Boozer* (1986) 183 Cal.App.3d 1212, 1223–1224 [228 Cal.Rptr. 736]; *Clark v. McClurg* (1932) 215 Cal. 279, 285 [9 P.2d 505]; 7 Witkin, Cal. Procedure (4th ed. 1997) Trial, § 375, p. 427.)

---

[5] If the verdict is merely ambiguous, a party's failure to request a correction or clarification of the verdict before the jury is discharged may amount to a waiver of the ambiguity or defect, particularly if the party's failure to object was to reap a " 'technical advantage' " or to engage in a " 'litigious strategy.' " (*Woodcock, supra*, 69 Cal.2d at p. 457, fn. 2; see *Henrioulle v. Marin Ventures, Inc.* (1978) 20 Cal.3d 512, 521–522 [143 Cal.Rptr. 247, 573 P.2d 465]; *Jensen v. BMW of North America, Inc.* (1995) 35 Cal.App.4th 112, 131 [41 Cal.Rptr.2d 295].)

### B. *The Special Verdict Included Internally Inconsistent Findings Regarding the Damages Zagami Sustained*

Although the inconsistent findings regarding Zagami's damages were apparent on the face of the verdict, neither party sought to have the jury correct or clarify the verdict before the jury was discharged. The parties had the jury polled, but did not object to the findings in the verdict. Crone instead took the position the verdict was "unambiguous" with regard to the $15,500 damage award to Zagami, and argued it was "obvious" the jury's valuation of the $30,000 skiploader, in connection with Zagami's third cause of action for goods and services rendered, was "advisory only." Crone also suggested the special verdict itself was confusing because the cause of action for goods and services rendered did not refer to "damages," but rather asked the jury to determine the "reasonable value" of the skiploader.[6]

Crone did not argue that the verdict was hopelessly ambiguous or inconsistent, or the court otherwise was deprived of authority to enter a verdict in *any* amount, as it now contends on appeal. Instead, Crone argued that if the court found ambiguity, it should interpret the verdict in light of the pleadings, evidence, and instructions, as *Woodcock* teaches, and enter judgment for $15,500. Crone's strategy changed, however, after the court rejected its proposed judgment and accepted Zagami's proposed judgment for $30,000.[7]

Crone's conduct aside, we conclude the two damages awards are "hopelessly ambiguous." From the record before us, we cannot evaluate how the jury arrived at damages for Zagami in the amount of $15,500 on its breach of contract claims and on its common count for open book account, particularly in light of Zagami's presentation of *uncontroverted* expert testimony valuing the missing skiploader between $30,000 and $35,000. This testimony certainly supports the jury's finding in the verdict in connection with Zagami's third cause of action for goods and services rendered, but it does not explain the jury's $15,500 damage award on Zagami's other causes of action.

---

[6] Although inconsistent jury findings in a special verdict are not subject to waiver by a party (*Woodcock, supra,* 69 Cal.2d at p. 457), if the *form* of a verdict is defective, the complaining party must object or risk waiver on appeal of any such defect. (*Moore v. Preventive Medicine Medical Group, Inc.* (1986) 178 Cal.App.3d 728, 746 [223 Cal.Rptr. 859]; *Fransen v. Washington* (1964) 229 Cal.App.2d 570, 574 [40 Cal.Rptr. 458].) Thus, Crone has waived any challenge to the form of the verdict or its questions.

[7] Crone may have made a tactical decision not to object to the verdict at the time it was rendered, since it offered no evidence to rebut the valuation of the skiploader. Crone's position in its posttrial briefing, namely the verdict was "unambiguous" or if there was ambiguity, it was subject to construction by the trial court, contradicts its contention on appeal the verdict is "fatally inconsistent" and not subject to construction under any circumstances.

We cannot, and will not, speculate whether the jury intended the $15,500 to compensate Zagami for loss of rental income due to the missing skiploader, particularly given that during its deliberations the jury asked whether it could award damages "for less than [Zagami is] asking," such as "one dollar and up."[8] Moreover, if the $15,500 damages figure was for loss of rent in connection with the missing skiploader, there is no reason the court did not combine the two damages awards and enter judgment in favor of Zagami in the amount of $45,500. In any event, because the two damages awards are internally inconsistent, we conclude both findings are equally against the law. (*Horton, supra*, 126 Cal.App.4th at p. 682.)

## C. Jury Instruction

Crone contends the court erred when it refused to instruct the jury under Civil Code section 3543, which is one of several "maxims of jurisprudence." Section 3543 provides: "Where one of two innocent persons must suffer by the act of a third, he, by whose negligence it happened, must be the sufferer." (Civ. Code, § 3543.) The court refused to give this instruction because it found the instruction went to bailments, which Zagami did not plead in its complaint.

In reviewing a court's decision on jury instructions, we follow the principle "there is no rule of automatic reversal or 'inherent' prejudice applicable to any category of civil instructional error, whether of commission or omission. A judgment may not be reversed for instructional error in a civil case 'unless, after an examination of the entire cause, including the evidence, the court shall be of the opinion that the error complained of has resulted in a miscarriage of justice.' [Citation.]" (*Soule v. General Motors Corp.* (1994) 8 Cal.4th 548, 580 [34 Cal.Rptr.2d 607, 882 P.2d 298]; see Cal. Const., art. VI, § 13.) Thus, in reviewing Crone's claims of instructional error, we must not only determine whether the trial court committed error, but whether the error resulted in a "miscarriage of justice."

■ "The trial court may not force the litigant to rely on abstract generalities, but must instruct in specific terms that relate the party's theory to the particular case." (*Soule v. General Motors Corp., supra*, 8 Cal.4th at p. 572.) A court is not required to give an instruction "not supported by the evidence or . . . likely to mislead the jury. [Citation.]" (*Joyce v. Simi Valley*

---

[8] In any event, we note the numbers for the rental of the skiploader on a daily, weekly, and monthly basis do not "pencil out" to the $15,500 damage figure arrived at by the jury, as a means to support that award. For example, at the daily rental rate of $185, to pencil out to $15,500 the jury would have to award Zagami 83.78 days of lost income for the skiploader. At the weekly rate of $740, the jury would have to award Zagami 20.95 weeks of lost income to arrive at $15,500.

*Unified School Dist.* (2003) 110 Cal.App.4th 292, 303 [1 Cal.Rptr.3d 712].) If a proffered instruction conflicts with the special verdict form, or is argumentative or confusing, the court is not required to give it. (*Ibid.*)

We conclude the court did not err in refusing to give the proffered instruction based on Civil Code section 3543 because that instruction relies on "abstract generalities" having little or no relation to Zagami's breach of contract theory of liability against Crone. If the jury chose to believe Crone and found Zagami did not deliver the skiploader, or if it found the skiploader was delivered but Crone had not accepted it through Crone's agent or through the parties' course of dealing, the jury would have found in favor of Crone without regard to Civil Code section 3543, on the basis Zagami had not performed under the parties' contract. Crone's contention the court erred in rejecting the proffered instruction under Civil Code section 3543 is a disguised attempt to challenge the jury's findings.

We further conclude reversal is not required here because no "miscarriage of justice" resulted from the court's refusal to give the proffered instruction under Civil Code section 3543. " '[A] "miscarriage of justice" should be declared only when the court, "after an examination of the entire cause, including the evidence," is of the "opinion" that it is reasonably probable that a result more favorable to the appealing party would have been reached in the absence of the error.' " (*Cassim v. Allstate Ins. Co.* (2004) 33 Cal.4th 780, 800 [16 Cal.Rptr.3d 374, 94 P.3d 513].) In light of the jury's determination Zagami delivered the skiploader to Crone, and Crone or its agent accepted the skiploader, there can be little doubt the loss of the skiploader was attributable to Crone.

Because we conclude the court properly refused to give the proffered instruction under Civil Code section 3543, and in light of our conclusion the jury verdict was "hopelessly ambiguous" regarding the damages awarded to Zagami, we reverse the judgment, but only on the issue of damages. (See *Woodcock, supra,* 69 Cal.2d at p. 457; *Aynes v. Winans, supra,* 33 Cal.2d at p. 210; *Fernandez v. Consolidated Fisheries, Inc.* (1963) 117 Cal.App.2d 254, 267 [255 P.2d 863].)

### D. *Attorney Fees*

#### 1. *Basis for Award*

██ "[R]ecoverable litigation costs . . . include attorney fees, but only when the party entitled to costs has a legal basis, independent of the cost statutes and grounded in an agreement, statute, or other law, upon which to claim recovery of attorney fees." (*Santisas v. Goodin* (1998) 17 Cal.4th 599,

606 [71 Cal.Rptr.2d 830, 951 P.2d 399] (*Santisas*); see Code Civ. Proc., §§ 1032, subds. (a)(4), (b), 1033.5, subd. (a)(10); Civ. Code, § 1717, subd. (a).[9]) We independently review the legal basis of Zagami's attorney fees award as a question of law. (See *Honey Baked Hams, Inc. v. Dickens* (1995) 37 Cal.App.4th 421, 424 [43 Cal.Rptr.2d 595], disapproved on other grounds in *Santisas, supra*, at p. 614, fn. 8.)

Crone contends the court erred when it awarded Zagami attorney fees because the jury verdict did not specifically find Crone breached the written rental agreement, which contained an attorney fees clause. When a party challenges the jury's findings based on insufficient evidence to support those findings, we apply the substantial evidence standard of review. (*Bickel v. City of Piedmont* (1997) 16 Cal.4th 1040, 1053 [68 Cal.Rptr.2d 758, 946 P.2d 427], superseded by statute on another ground as noted in *DeBerard Properties, Ltd. v. Lim* (1999) 20 Cal.4th 659, 668 [85 Cal.Rptr.2d 292, 976 P.2d 843]; *Thompson v. Tracor Flight Systems, Inc.* (2001) 86 Cal.App.4th 1156, 1166 [104 Cal.Rptr.2d 95].) In applying this standard of review, we "view the evidence in the light most favorable to the prevailing party, giving it the benefit of every reasonable inference and resolving all conflicts in its favor . . . ." (*Jessup Farms v. Baldwin* (1983) 33 Cal.3d 639, 660 [190 Cal.Rptr. 355, 660 P.2d 813].)

The record here shows Zagami's breach of contract action was premised on the parties' written rental agreement. The special verdict supports this determination, inasmuch as the jury was instructed regarding ostensible agency, and the agent signed the written rental agreement and accepted delivery of the skiploader and the jury made a specific finding Zagami delivered the skiploader to Crone *or its agent.* Moreover, the record shows Crone and Zagami used the same standard written rental agreement in the course of their business relationship, and at times Crone accepted delivery of equipment without signing the standard rental agreement. We therefore conclude substantial evidence supports the finding Crone breached the written rental agreement containing the attorney fees clause, and further conclude as a matter of law the rental agreement provides Zagami a legal basis to recover its attorney fees.[10]

The attorney fees provision provides: "Lessee agrees to pay Lessor's reasonable costs and attorney's fees incurred in the enforcement of any terms

---

[9] Civil Code section 1717, subdivision (a) provides in part: "In any action on a contract, where the contract specifically provides that attorney's fees and costs, which are incurred to enforce that contract, shall be awarded either to one of the parties or to the prevailing party, then the party who is determined to be the party prevailing on the contract, whether he or she is the party specified in the contract or not, shall be entitled to reasonable attorney's fees in addition to other costs."

[10] We note Crone's own pleading also included a request for attorney fees in this matter.

or conditions of this contract. The prevailing party to any litigation to enforce this contract shall also be entitled to his reasonable costs and attorney's fees incurred in enforcing a judgment, defending a judgment on appeal, or prosecuting a successful appeal."[11]

■ For purposes of Civil Code section 1717, the "prevailing party" is "the party who recovered a greater relief in the action on the contract."[12] (Civ. Code, § 1717, subd. (b)(1); see *Snyder v. Marcus & Millichap* (1996) 46 Cal.App.4th 1099, 1102 [54 Cal.Rptr.2d 268].) However, in deciding "whether there is a 'party prevailing on the contract,' the trial court is to compare the relief awarded on the contract claim or claims with the parties' demands on those same claims and their litigation objectives as disclosed by the pleadings, trial briefs, opening statements, and similar sources. The prevailing party determination is to be made only upon final resolution of the contract claims and only by 'a comparison of the extent to which each party ha[s] succeeded and failed to succeed in its contentions.' " (*Hsu v. Abbara* (1995) 9 Cal.4th 863, 876 [39 Cal.Rptr.2d 824, 891 P.2d 804].) In light of the limited reversal of the judgment on the issue of damages only, we conclude the trial court must consider anew, at the conclusion of the retrial of damages, the prevailing party issue. (*Id.* at pp. 876–877.)

### 2. *Attorney Fees on Appeal*

■ Zagami seeks attorney fees incurred in this appeal. Fees, if recoverable at all either by statute or the parties' agreement, are available for services at trial and on appeal. (*Morcos v. Board of Retirement* (1990) 51 Cal.3d 924, 927 [275 Cal.Rptr. 187, 800 P.2d 543]; *Serrano v. Unruh* (1982) 32 Cal.3d 621, 637 [186 Cal.Rptr. 754, 652 P.2d 985].) The attorney fees provision at issue here also includes an award of fees for "prosecuting a successful appeal."

However, because further proceedings are necessary on remand, the determination of whether attorney fees should be awarded in connection with this appeal should be made by the trial court at the conclusion of those proceedings. (See *Presley of Southern California v. Whelan* (1983) 146 Cal.App.3d 959, 961 [196 Cal.Rptr. 1]; *Cole v. BT & G, Inc.* (1983) 141 Cal.App.3d 995, 998 [190 Cal.Rptr. 690].)

---

[11] On its face, one clause of the attorney fees provision appears to give Zagami a unilateral right to attorney fees for enforcement of the contract. Civil Code section 1717, subdivision (a) however, renders the provision mutual, giving either plaintiff or defendant, if a prevailing party, a right to attorney fees on any claims based on the contract.

[12] The court requested and considered the parties' supplemental briefing on this question: "If this court partially reverses the judgment, is remand to the trial court necessary for its redetermination of which party is the 'prevailing party' for purposes of attorney fees?"

## DISPOSITION

The judgment is affirmed, except as to (1) the limited issue of damages, which will be decided on retrial, and (2) the award of attorney fees, which will be determined anew by the trial court at the conclusion of the damages retrial. Each party is to bear its own costs on appeal.

Benke, J., and Haller, J., concurred.

A petition for a rehearing was denied March 27, 2008, and appellant's petition for review by the Supreme Court was denied June 11, 2008, S162957.