Filed 11/20/20  Advanced Pain Treatment etc. v. Mitre CA2/4

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| ADVANCED PAIN TREATMENT MEDICAL CENTER, | B298595 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. NC061442) |
| v. | |
| GREG MITRE, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Michael P. Vicencia, Judge.  Reversed and remanded.

Hinshaw & Culbertson, Eugene Brown, Jr., for Defendant and Appellant.

Andrew P. Altholz for Plaintiff and Respondent.

Appellant Greg Mitre received treatment for back pain at respondent Advanced Pain Treatment Medical Center (Advanced Pain). Mitre's health insurance paid for the treatments but did not pay associated "facility fees" totaling $30,000. Four years later, Advanced Pain sued Mitre to recover the facility fees under both contract and quantum meruit theories.

In a special verdict, the jury found that Advanced Pain and Mitre entered into a contract, under which Advanced Pain performed and Mitre did not. The jury found that Advanced Pain was not harmed by Mitre's breach, however, and awarded no contract damages. In accordance with the instructions on the special verdict form, to which no objections were raised, the jury proceeded to consider a quantum meruit theory and awarded Advanced Pain $15,000 as the reasonable value of the services it provided. The trial court subsequently denied Mitre's motion for judgment notwithstanding the verdict (JNOV).

In this appeal, Mitre contends the jury's verdict on the quantum meruit claim must be reversed for two reasons. First, he argues that the jury rendered an inconsistent and legally impermissible verdict by finding both that there was a contract and awarding recovery in quantum meruit for the services covered by the contract. Second, Mitre argues that the quantum meruit claim is barred by the statute of limitations. Advanced Pain responds that Mitre forfeited or invited error as to both arguments, which it further contends are incorrect.

We reverse. As a matter of law, a plaintiff may not recover on a quantum meruit claim if the parties have an enforceable agreement regarding the same subject matter. The jury's special verdict findings accordingly were inconsistent. Because the inconsistent findings are equally against the law, we reject

2

Mitre's request to reverse only the quantum meruit findings and instead remand for new trial.

## FACTUAL BACKGROUND

On February 19, 2013, Mitre visited Advanced Pain to be evaluated for pain treatment. During that visit, he signed a form that stated, "I hereby authorize my insurance to pay directly to Dr. Kamran Ghadimi and Advanced Pain Treatment Medical Center all insurance benefits that I am entitled. I also authorize Dr. Kamran Ghadimi to release any information as required for insurance billing purposes. I am also aware that I am responsible for any balance above and beyond that which my insurance carrier does not cover." The form did not list the prices of any of Advanced Pain's services or the fees it charged.

Mitre visited Advanced Pain for pain treatment on February 21, 2013 and April 11, 2013. On both occasions, pain management physician Dr. Kamran Ghadimi, the sole owner of Advanced Pain, gave Mitre a lumbar epidural steroid injection. Mitre was sedated during part of the procedures, which he tolerated well.

Advanced Pain obtained preauthorization from Mitre's health insurance before Dr. Ghadimi performed the injections. It billed the insurance for Dr. Ghadimi's services, as well as an associated facility fee of $15,000 per procedure.[1] After doing "everything we could to get paid from the insurance," Advanced Pain sent Mitre a bill for the unpaid $30,000 in facility fees on

---

[1] Dr. Ghadimi testified that the facility fee was a "global fee" intended to cover his assisting nurse, as well as "risk, operating room, recovery room, pharmacy mean[ing] medications, and radiology mean[ing] x-ray machine." The amount of the facility fee varied by procedure.

3

July 10, 2017.  The accompanying letter stated that the balance was "payable and now due."  It directed Mitre to contact his health insurer with questions, and stated, "You have received several denials from them.  The balance now has been transferred to your responsibility."  Mitre did not pay the fees.

At trial, Advanced Pain presented expert testimony that the $15,000 facility fee was the upper end of the reasonable range for such fees.  Mitre presented expert testimony that office-based surgery centers like Advanced Pain do not charge facility fees.

## PROCEDURAL HISTORY

Advanced Pain filed a complaint against Mitre on October 23, 2017.  It asserted three causes of action: breach of contract, money due on an open book account, and quantum meruit.  Mitre answered the complaint on April 3, 2018.  He denied the allegations of the complaint and asserted 33 affirmative defenses, including the statute of limitations.

Mitre filed a motion for summary adjudication on November 21, 2018.  He argued that there was no enforceable contract between himself and Advanced Pain, and that both the breach of contract and quantum meruit causes of action were barred by the statute of limitations.  Advanced Pain opposed the motion, arguing that both the existence of a contract and the operation of the statute of limitations were triable issues of material fact.  The trial court denied the motion without explanation in a minute order on February 5, 2019.  There is no reporter's transcript of the hearing in the appellate record.  Mitre did not seek writ relief.

4

Trial on the breach of contract and quantum meruit causes of action began on March 12, 2019.[2] Prior to trial, Mitre filed a trial brief. The brief did not mention the statute of limitations. Neither Advanced Pain nor Mitre mentioned the statute of limitations during the lengthy pretrial conference with the court or during opening statements. During trial, the parties presented evidence of the facts summarized above.

After both sides rested, the court provided its rulings on the parties' proposed jury instructions. As relevant here, it denied both sides' request for CACI No. 338, "Affirmative Defense—Statute of Limitations." Neither side objected to the court's jury instructions ruling or mentioned the statute of limitations during closing argument.

The court rejected both parties' proposed special verdict forms as "either improper or insufficient" and provided the jury with a special verdict form of its own design without objection. The court's form, based on CACI VF-300 and CACI No. 371,[3] contained a total of nine questions. Questions one through five pertained to the contract cause of action, and questions six through nine pertained to the quantum meruit cause of action.

The jury answered "yes" to questions one, two, and three, finding that there was a contract, Advanced Pain performed, and Mitre did not. It answered "no" to question four, finding that Advanced Pain suffered no harm from Mitre's breach. The jury

---

[2]Advanced Pain withdrew its cause of action for open book account during the pretrial conference.

[3]CACI VF-300, which its use note says is "intended for use in most contract disputes," is based on CACI No. 303, Breach of Contract—Essential Factual Elements. CACI No. 371, Common Count: Goods and Services Rendered, is the pattern jury instruction for quantum meruit.

wrote "0" for the total amount of damages in question five. During jury polling, the foreperson explained that the jury had not discussed question five, in accordance with the form's instruction to skip question five and proceed to question six if the answer to question four was no: "I was just filling in like a none [*sic*] applicable zero, just a null space."

The verdict form next asked questions concerning the quantum meruit cause of action. The jury answered "yes" to questions six, seven, and eight, finding that Mitre requested beneficial services, Advanced Pain rendered the services as requested, and Mitre failed to pay for the services. The jury then answered question nine, setting the reasonable value of the services Advanced Pain rendered at $15,000.

Advanced Pain prepared a proposed judgment. Mitre objected on the sole ground that the proposed judgment "seeks [prejudgment] interest in violation of Civil Code § 3287 et. seq., and as such cannot be awarded as claimed." The trial court entered judgment, including prejudgment interest, on April 12, 2019. Advanced Pain served Mitre with notice of entry of judgment on April 19, 2019.

On May 8, 2019, Mitre filed a motion to correct the judgment to delete the award of prejudgment interest. On May 20, 2019, the trial court took the motion off calendar, explaining, "It was stricken before I signed it. I don't know how you got the thing that you got. But it was stricken before I signed it." Advanced Pain served notice of the corrected judgment on May 29, 2019.

On May 30, 2019, Mitre moved for JNOV. In his motion, he argued that both causes of action were barred by the statute of limitations. Advanced Pain opposed the JNOV motion on the

6

grounds that it was untimely filed under Code of Civil Procedure section 629, subdivision (b), and "substantial uncontroverted evidence was produced at trial that vitiates Defendant's statute of limitations defense and supports the Verdict." The trial court heard the motion on June 27, 2019. There is no reporter's transcript of the hearing in the appellate record. The reporter's transcript for June 27, 2019 included in the record is from a different case. The minute order documenting the hearing states only that the motion was denied.

Mitre filed his notice of appeal from the judgment on June 18, 2019. He did not file a subsequent notice of appeal from the denial of his motion for JNOV.

## DISCUSSION

### I. Inconsistent Special Verdict Findings

Mitre contends the jury's verdict on the quantum meruit cause of action must be reversed because, "as a matter of law no quantum meruit claim can exist where, as here, the parties had a written contract regarding the same subject matter." Advanced Pain responds that Mitre is barred from making this argument because he did not raise it below. However, "inconsistent jury findings in a special verdict are not subject to waiver by a party." (*Zagami, Inc. v. James A. Crone*, Inc. (2008) 160 Cal.App.4th 1083, 1093, fn. 6 (*Zagami*).)

We review a special verdict for inconsistency de novo. (*Singh v. Southland Stone, U.S.A., Inc.* (2010) 186 Cal.App.4th 338, 358 (*Singh*); *Zagami, supra,* 160 Cal.App.4that p. 1092.) "With a special verdict, unlike a general verdict or a general verdict with special findings, a reviewing court will not infer findings to support the verdict." (*Singh, supra*, 186 Cal.App.4th at p. 358.) That is, "there is no presumption in favor of upholding

7

a special verdict when the inconsistency is between two questions in a special verdict." (*Zagami, supra,* 160 Cal.App.4th at p. 1092.) "'Where there is an inconsistency between or among answers within a special verdict, both or all the questions are equally against the law.' [Citations.]" (*Ibid.*) We are not permitted to pick and choose between inconsistent answers. (*Singh, supra,* 186 Cal.App.4th at p. 358.) If the findings contradict on material issues, and the correct determination of such issues is necessary to sustain the judgment, the inconsistency is reversible error. (*Ibid.*)

The special verdict here involved a contract claim and a quantum meruit claim. The contract claim sought enforcement of a written contract, the form Mitre signed on February 19, 2013, agreeing to pay any balance not paid by his insurance. The quantum meruit claim asked the jury to fashion an implied contract to pay for the reasonable value of services that were not gratuitously rendered. (*Huskinson & Brown v. Wolf* (2004) 32 Cal.4th 453, 458; see also *Maglica v. Maglica* (1998) 66 Cal.App.4th 442, 449.) Advanced Pain was permitted to allege and advance these inconsistent theories, but it was not permitted to "pursue or recover on a quasi-contract claim if the parties have an enforceable agreement regarding a particular subject matter." (*Klein v. Chevron U.S.A., Inc.* (2012) 202 Cal.App.4th 1342, 1388, 1389.) "When parties have an actual contract covering a subject, a court cannot—not even under the guise of equity jurisprudence—substitute the court's own concepts of fairness regarding that subject in place of the parties' own contract." (*Hedging Concepts, Inc. v. First Alliance Mortgage Co.* (1996) 41 Cal.App.4th 1410, 1420.) One reason for this rule is rooted in equity: "'where the parties have freely, fairly and voluntarily

8

bargained for certain benefits in exchange for undertaking certain obligations, it would be inequitable to imply a different liability.'" (*Id*. at p. 1419.)  Another is rooted in practicality:  "[a] quantum meruit analysis cannot supply 'missing' terms that are not missing." (*Ibid*.)

The only contract identified by the pleadings, evidence, and argument was the form Mitre signed on February 19, 2013.  Mitre argued that the form was not an enforceable contract to pay any amount his insurance failed to pay, but the jury disagreed.  It expressly found, in answering "yes" to question one, that "Advanced Pain Treatment Medical Center and Greg Mitre enter[ed] into a contract" covering the fees at issue.  After that point, quantum meruit was no longer available as a basis of recovery.  The special verdict form nevertheless directed the jury to proceed to the quantum meruit questions if it answered "no" to questions two (did Advanced Pain perform?), three (did Mitre fail to perform?), or four (was Advanced Pain harmed?).  The jury answered "no" to question four. In accordance with the instructions on the verdict form, as well as additional guidance the trial court delivered orally,[4] the jury then proceeded to answer the questions pertaining to quantum meruit and awarded Advanced Pain $15,000 under that theory.  The jury's special

_____

[4]In response to a request by the jury to "define damages," the trial court explained, in part, "you should not be in a position of answering question five [contract damages] and question nine [reasonable value of services provided].  You only get to question nine – you only get to question six, which leads you to question nine, if you answered 'no' in question one, two, three, four, or put zero for question five.  Okay?  So only in that circumstance do you go to question six.  If you put an amount of money other than zero on question five, then you're done."

9

verdict finding that Mitre was obligated to pay the fees under a contract is irreconcilably inconsistent with its finding that Advanced Pain is entitled to the reasonable value of those same fees under quantum meruit.

Advanced Pain contends the findings are consistent and must be upheld. In its view, "it is entirely reasonable to infer from the record on appeal, that Appellant agreed and contemplated that Advanced [Dr. Ghadimi] could try to recover payment from the [health insurance] Plan, that the same could take a long time, and that Appellant would remain liable for any sums that the Plan did not pay."[5] We reject this contention for two reasons. First, as noted above, we make no presumption in favor of upholding a special verdict and do not infer findings to support it. Second, the central premise of the argument—that a special verdict is not inconsistent unless its answers are impossible to reconcile— is faulty. The rule that a verdict should not be modified "'if there is any "possibility of reconciliation under any possible application of the evidence and instructions"'" does not apply when the inconsistency at issue is between two questions within a special verdict. (*Mendoza v. Club Car, Inc.* (2000) 81 Cal.App.4th 287, 302-303; see also *Trejo v. Johnson & Johnson* (2017) 13 Cal.App.5th 110, 124, fn. 5.)

---

[5]During oral argument, Advanced Pain cited for the first time three additional cases in support of this position : *Hasson v. Ford* (1977) 19 Cal.3d 530, 540-51, overruled by *Soule v. General Motors* (1994) 8 Cal.4th 548, 574, 579-580, *Jarchow v. Transamerica Title Insurance Co.* (1975) 48 Cal.App.3d 917, overruled by *Soto v. Royal Globe Insurance Corp.* (1986) 184 Cal.App.4th 420, 434, and *Bolen v. Woo* (1979) 96 Cal.App.3d 944. None of these cases supports this argument.

Advanced Pain also argues that Mitre invited error by failing to request appropriate instructions on the special verdict form. We are not persuaded. The special verdict form was largely devised by the trial court after it rejected both parties' proposed forms. Neither side objected, and there is no indication in the record that Mitre knowingly created or foresaw any problem. (See *Lambert v. General Motors* (1998) 67 Cal.App.4th 1179, 1183.) "'[W]aiver is not found where the record indicates that the failure to object was not the result of a desire to reap a "technical advantage" or engage in a "litigious strategy." [Citations.]' [Citation.] Nor is an objection required when the verdict is fatally inconsistent." (*Behr v. Redmond* (2011) 193 Cal.App.4th 517, 530.)

For all of these reasons, we agree with Mitre that the special verdict is inconsistent and cannot stand. However, we reject his contention that the error entitles him to judgment on the quantum meruit claim. "'Where there is an inconsistency between or among answers within a special verdict, both or all the questions are equally against the law.' [Citations.]" (*Zagami, supra*, 160 Cal.App.4th at p.1092.) Mitre's argument would require us to accept as definitive the jury's answers to the questions regarding the contract and disregard its answers on the quantum meruit claim. We cannot do this.

"The proper remedy for an inconsistent special verdict is a new trial." (*Singh, supra*, 186 Cal.App.4th at p. 358.) On remand, the parties and court should make clear that a contract and quantum meruit recovery are mutually exclusive by instructing the jury that it may not answer questions concerning quantum meruit if it finds that the parties had a valid contract regarding the fees.

11

## II. Statute of Limitations

Mitre alternatively argues that the quantum meruit verdict must be reversed because the two-year statute of limitations in Code of Civil Procedure section 339 expired before Advanced Pain brought its quantum meruit claim. (See *Reeve v. Meleyco* (2020) 46 Cal.App.5th 1092, 1100.) Advanced Pain responds that Mitre has forfeited this contention by failing to raise it at trial, and, in the alternative, that it timely filed its claim. We agree with Advanced Pain that Mitre has not preserved his statute of limitations argument.

The statute of limitations is an affirmative defense that "exists to promote the diligent assertion of claims, ensure defendants the opportunity to collect evidence while still fresh, and provide repose and protection from dilatory suits once excess time has passed." (*Aryeh v. Canon Business Solutions, Inc.* (2013) 55 Cal.4th 1185, 1191.) It must be asserted by the defendant in its answer and at trial to be preserved for appeal. (*Rubinstein v. Fakheri* (2020) 49 Cal.App.5th 797, 808.)

Mitre asserts that he preserved the defense by raising it in his answer, in his motion for summary adjudication, in a rejected jury instruction, and in his motion for JNOV. He does not cite any authority in support of this position, which we do not find persuasive. Mitre did not challenge the trial court's denial of his summary adjudication motion either by writ or in his opening brief. Even if he had challenged the denial of the summary adjudication motion prior to his reply brief, the appellate record does not reveal the basis for the denial of the motion, and we must presume the ruling was correct. (*Jameson v. Desta* (2018) 5 Cal.5th 594, 609.)

12

After asserting the statute of limitations defense in his answer and motion for summary adjudication, Mitre said nothing on the subject in his pretrial motion or throughout the parties' lengthy pretrial conference with the trial court. He did not mention the statute of limitations in his opening statement or closing argument, and did not present any evidence regarding the accrual date of the quantum meruit claim. Mitre proposed a jury instruction on the statute of limitations, but did not object or seek explanation when the court declined to give the instruction. (See Code Civ. Proc. § 647.) Moreover, he does not contend that the trial court erred in declining to provide the instruction.

Mitre revived his statute of limitations defense in his motion for JNOV, but he has not appealed the court's ruling denying that motion. (See Code Civ. Proc., § 904.1, subd. (a)(4) [JNOV is an appealable order]; *Sole Energy Co. v. Petrominearals Corp.* (2005) 128 Cal.App.4th 212, 239.) In short, he neither took steps to ensure the defense was presented to the jury nor preserved the issue for appeal. We accordingly do not reach the merits of the claim.

## DISPOSTION

The judgment of the trial court is reversed, and the matter is remanded for new trial. Mitre is awarded his costs on appeal.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


COLLINS, J.


We concur:


MANELLA, P. J.                                    CURREY, J


13