Filed 7/5/22  Bird v. Bird CA2/8

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION EIGHT

| | |
|---|---|
| LEONORA BIRD, | B304780 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. BD527332) |
| v. | |
| BRIAN C. BIRD, | |
| Defendant and Respondent. | |

APPEAL from an order of the Superior Court of Los Angeles County, Steve Cochran, Judge.  Affirmed.

Leonora Bird, in pro. per., for Plaintiff and Appellant.

No appearance for Defendant and Respondent.

_____

Wife Leonora Bird appeals the order denying her request for an award of spousal support arrears from 2010 until 2013 from husband Brian C. Bird, arguing Mr. Bird never proved he paid the support, and that her evidence demonstrated he did not meet his support obligations. She also argues she never waived her right to collect the arrears. Finding Ms. Bird has failed to follow the basic rules of appellate procedure, and that her claims of error fail on their merits, we affirm.

### FACTUAL AND PROCEDURAL BACKGROUND

The parties were married for nearly 10 years, from July 2000 until they separated in May 2010. In June 2010, Ms. Bird filed a petition for dissolution of marriage. While the petition was pending, Mr. Bird paid spousal support pursuant to a pendente lite order. On May 15, 2012, the trial court entered a stipulated judgment of dissolution, which provided Mr. Bird would pay spousal support of $3,500 per month beginning on May 1, 2011, and ending on May 1, 2016, or in the event of Ms. Bird's remarriage, whichever occurred first.

In 2015, Ms. Bird sought to extend the termination date of Mr. Bird's support obligations. On August 26, 2015, the court ordered Mr. Bird to pay support of $2,250 per month until March 31, 2019. The court also found that Mr. Bird was in arrears on his support obligation for the period of June 2015 until August 2015. There is no indication in the record that in 2015 Ms. Bird sought to recover for arrears spanning 2010 to 2013.

On March 27, 2019, Ms. Bird filed a request for an order, seeking to further extend Mr. Bird's support obligations, claiming she was unable to support herself. The request did not mention any arrears.

In response, Mr. Bird argued he had insufficient income to continue his support of Ms. Bird. He also argued the request was brought in bad faith, and was intended to force Mr. Bird to settle arrears claimed by Ms. Bird.

According to a declaration by Mr. Bird's counsel, his firm had conducted a thorough audit of Mr. Bird's payments, and he had *overpaid* support to Ms. Bird. A number of canceled support checks were attached to counsel's declaration.

In response, Ms. Bird argued that back support was owed, and included a spreadsheet purporting to detail all of Mr. Bird's payments, missed payments, and accrued interest on missed payments from October 1, 2010, through March 1, 2019. Ms. Bird claimed to be owed over $40,000 in arrears, including interest.

On September 16, 2019, Ms. Bird filed a request for an order to determine arrears, which was supported by the spreadsheet. She requested monthly payments of $1,500 to satisfy the arrears.

Mr. Bird's responsive declaration included an audit of his support payments from 2010 until 2019, showing he overpaid his support obligation. Alternatively, Mr. Bird pointed out that some of the claimed arrears predated the judgment of dissolution, and were therefore waived. He also submitted a brief arguing the equitable defense of waiver applied because Ms. Bird had not previously sought judicial intervention for the claimed long-overdue arrears.

The parties testified at the contested hearing on the issue of arrears. Their testimony is not meaningfully summarized in Ms. Bird's appellate brief. Instead, the brief focuses on which summary of spousal payments was more reliable, without any

3

discussion of the rules of evidence, or why Ms. Bird's summary was deserving of more weight than Mr. Bird's.

The trial court denied the request for arrears, finding the "tabulation that I'm getting from [Mr. Bird] is considerably more credible than the one offered by [Ms. Bird]. The figures used by [Mr. Bird] have better corroboration and detail. [¶] Now, with respect to [Ms. Bird's] years of [not] asserting that arrears were owed, I don't use that fact to find waiver. But I use that fact as circumstantial evidence supporting the position that [Mr. Bird] does not owe arrears." Ms. Bird timely appealed.

## DISCUSSION

Ms. Bird's appellate brief does not conform with the rules of court. Her brief only describes her version of the facts and does not discuss the facts in support of the court's ruling. She does not provide a fair summary of the substance of the court's ruling. (*City of Riverside v. Horspool* (2014) 223 Cal.App.4th 670, 674, fn. 3.) There is very little relevant legal authority cited in her brief. (*People v. Stanley* (1995) 10 Cal.4th 764, 793.) Failure to comply with the basic rules of appellate procedure waives any claim of error on appeal. (See, e.g., *Duarte v. Chino Community Hospital* (1999) 72 Cal.App.4th 849, 856; *Foreman & Clark Corp. v. Fallon* (1971) 3 Cal.3d 875, 881.)

In any event, there is no merit to her claims. When a party challenges the sufficiency of the evidence to support an order, "we apply the substantial evidence standard of review. [Citations.] In applying this standard, we 'view the evidence in the light most favorable to the prevailing party, giving it the benefit of every reasonable inference and resolving all conflicts in its favor . . . .' " (*Zagami, Inc. v. James A. Crone, Inc.* (2008) 160 Cal.App.4th 1083, 1096.) Here, the trial court credited Mr. Bird's evidence he

4

had satisfied his support obligations.  We may not reweigh the evidence, as Ms. Bird asks us to do.  (*Estate of Sapp* (2019) 36 Cal.App.5th 86, 104.)

Ms. Bird also argues that waiver did not apply, that recovery of arrears predating the judgment of dissolution was not barred, and that the court accepted an argument about an "indemnity clause" made by Mr. Bird.  (The discussion of "indemnity" at the hearing appears to relate to some boilerplate language in the parties' stipulated judgment.)  The trial court did not rely on any of these theories or arguments in making its ruling.  Therefore, they do not constitute a basis to reverse the court's order.

## DISPOSITION

The order is affirmed.  The request to augment the record is granted.  No costs are awarded.


GRIMES, J.

WE CONCUR:




STRATTON, P. J.




HARUTUNIAN, J.*

---

\*     Judge of the San Diego Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

5