Filed 7/21/15  Slattery v. Phillips CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| THOMAS SLATTERY, <br><br> Plaintiff and Appellant, <br><br> v. <br><br> JEFFREY PHILLIPS, <br><br> Defendant and Respondent. | D064407 <br><br><br> (Super. Ct. No. 37-2010-00095935-CU-WT-CTL) |


APPEAL from a judgment of the Superior Court of San Diego County, Richard E.L. Strauss, Judge.  Affirmed.


Mirch Law Firm, Kevin J. Mirch, Marie C. Mirch and Erin E. Hanson for Plaintiff and Appellant.

Cheifetz Iannitelli Marcolini, Daniel P. Iannitelli and Claudio E. Iannitelli, for Defendant and Respondent.

INTRODUCTION

Thomas Slattery appeals a judgment after a jury verdict in favor of Jeffrey Phillips, who allegedly owned the law firm with which Slattery was employed. Slattery contends judgment should be reversed because (1) the jury's special verdict was inconsistent; (2) the trial court abused its discretion in denying leave to amend after sustaining Phillips's demurrer; (3) the trial court abused its discretion in denying Slattery's motion for leave to amend prior to trial; (4) at trial, the trial court abused its discretion by excluding evidence of the State Bar proceedings against Phillips and Kerry Steigerwalt; and (5) the trial court abused its discretion in sustaining objections to Phillips's attorney's testimony based on the attorney-client privilege. Phillips contends Slattery cannot prevail on his appeal because he has forfeited the issues raised and/or he is unable to demonstrate prejudicial error due to his failure to provide an adequate record on appeal. We agree with Phillips and affirm the judgment.

BACKGROUND

Slattery alleges he was hired in November 2004 to act as the supervising attorney of the intake department for the Pacific Law Center (PLC), which he alleges was owned, at least in part, by Phillips. Kerry Steigerwalt and Associates, APLC merged assets with PLC in 2008 to form Kerry Steigerwalt's Pacific Law Center (KSPLC). Phillips had no interest in KSPLC. After KSPLC developed financial problems, Slattery was eventually terminated in February 2010. According to Steigerwalt's trial testimony, Slattery was slated for layoff several months earlier based on Steigerwalt's concerns about Slattery's performance, including his unavailability, inappropriate office relationships, and

2

suspicions about drug use. However, Steigerwalt's partner in KSPLC, Robert Arentz, did not want Slattery to be fired. When Steigerwalt offered to keep Slattery employed with a reduced salary and an opportunity to buy into the practice, Slattery declined.

Slattery sued PLC, KSPLC, and other individual defendants, including Phillips, in 2010.[1] He asserted causes of action against Phillips for breach of contract (first, fourth, and fifth causes of action), breach of the covenant of good faith and fair dealing (sixth cause of action), negligence (seventh cause of action), negligent and fraudulent inducement (eighth and ninth causes of action), aiding and abetting−unauthorized practice of law/wrongful termination (twelfth cause of action), aiding and abetting−stock conversion (thirteenth cause of action), and conversion (fourteenth cause of action).

Slattery alleged he was not actually allowed to supervise the intake counselors and he complained repeatedly to his superiors about the unauthorized practice of law by nonattorney intake counselors. He also alleged he was promised a 10 percent ownership interest in the firm, which was not honored when Steigerwalt took over the firm. He alleged he was terminated when he refused to release the defendants from his claim for 10 percent interest in the firm.

The trial court sustained Phillips's demurrer to the third amended complaint as to the causes of action for negligence and wrongful termination based on the alleged unauthorized practice of law. The court concluded Slattery did not allege facts to support

---

[1]     Phillips is the only defendant remaining in this appeal. The other parties were dismissed by stipulation.

the contention Phillips owed a duty to Slattery. The court denied leave to amend noting this was Slattery's fourth unsuccessful attempt to plead these claims.

When Slattery expressed a desire to file a fourth amended complaint shortly before trial, the court considered briefing and heard oral argument. The court denied the motion because Slattery "failed to meet his burden to show that leave to amend should be granted under the circumstances of this case, and considering the timing of the request, the resulting prejudice to Defendants, the propriety/viability of the proposed amendments, and the delay/lack of diligence on the part of [Slattery] in seeking amendment."

The jury returned a defense verdict in favor of Phillips on all remaining causes of action. The jury found there was no basis for a breach of contract claim because the contract terms were not clear enough for the parties to understand what each was required to do. The jury also found Slattery and Phillips did not enter into a contractual relationship so there was no basis for a cause of action for breach of the implied covenant of good faith and fair dealing. For both the conversion causes of action, the jury found Slattery had no right to possess an ownership interest in the PLC or KSPLC.

The jury also found for Phillips on both causes of action for intentional and negligent misrepresentation. For intentional misrepresentation, the jury found Phillips made a false representation of an important fact, but did not know the representation was false or did not make the representation recklessly and without regard to the truth. For negligent misrepresentation, the jury found Phillips did not make a false representation of an important fact.

4

DISCUSSION

I

*Jury Verdict*

Slattery contends the jury's verdict was fatally inconsistent and must be reversed because the jury answered the initial questions for intentional and negligent misrepresentation in opposite ways, even though the jury found for Phillips and against Slattery on both causes of action. We disagree that the verdict is fatally inconsistent. To the extent, it is ambiguous, Slattery forfeited the issue by failing to seek clarification before the jury was discharged. Additionally, Slattery's failure to provide an adequate record hinders our ability to fully review the issue and requires affirmance, even if we were to overlook the forfeiture.

A special verdict's correctness is analyzed as a matter of law and is subject to de novo review. (*Zagami, Inc. v. James A. Crone, Inc.* (2008) 160 Cal.App.4th 1083, 1092.) "Potentially defective special verdicts are subject to 'a multilayered approach.' [Citation.] Prior to the jury's discharge, the trial court is obliged upon request to ask the jury to correct or clarify a potentially ambiguous or inconsistent verdict. [Citation.] If the verdict is 'merely ambiguous,' a party's failure to seek clarification of the verdict before the jury is discharged may work a forfeiture of the purported defect on appeal, 'particularly if the party's failure to object was to reap a " 'technical advantage' " or to engage in a " 'litigious strategy.' " ' [Citations.] However, absent a forfeiture, courts may properly interpret a 'merely ambiguous' verdict in light of the pleadings, evidence, and instructions. [Citation.] In contrast, if the special verdicts are ' "hopelessly ambiguous" '

5

or inconsistent, failure to seek clarification from the jury does not create a forfeiture, and the proper remedy is ordinarily a retrial on the issues underlying the defective verdict." (*Little v. Amber Hotel Co.* (2011) 202 Cal.App.4th 280, 299-300.)

In this case, by a vote of 10 to 2, the jury answered yes to the following question for intentional misrepresentation, "Did [Phillips] make a false representation of an important fact to [Slattery]?" However, Slattery fails to mention in his briefs the jury responded "no" to the next question, "Did [Phillips] know that the representation was false, or did he make the representation recklessly and without regard for its truth?" For negligent misrepresentation, the jury unanimously found Phillips did not make a false representation of an important fact to Slattery.

Slattery contends the answers to the first questions for each cause of action are facially and fatally inconsistent. We do not agree the verdict is necessarily inconsistent because the jury found in favor of Phillips on both causes of action. When a special verdict is used, "the jury find[s] the facts only, leaving the judgment to the Court. The special verdict must present the conclusions of fact as established by the evidence … and those conclusions of fact must be so presented as that nothing shall remain to the Court but to draw from them conclusions of law." (Code Civ. Proc., § 624.) In this case, the factual findings for each cause of action required the court to enter judgment in favor of Phillips on the issue of liability.[2]

---

2       This is distinguishable from cases relied upon by Slattery where there were actual inconsistencies on issues of liability or damages. (See *Zagami, Inc. v. James A. Crone, Inc.*, *supra*, 160 Cal.App.4th at pp. 1093-1094 [the verdict included internally

Precisely how the jury arrived at the verdict is ambiguous and Slattery forfeited any insufficiency in the verdict by failing to object before the jury was discharged. (*Little v. Amber Hotel Co.*, *supra*, 202 Cal.App.4th at p. 300.) The ambiguity could have been clarified had Slattery objected when the verdict was read. "The requirement of an objection is premised upon the idea that a party should not sit on his or her hands, but instead must speak up and provide the court with an opportunity to address the alleged error at a time when it might be fixed." (*Keener v. Jeld-Wen, Inc.* (2009) 46 Cal.4th 247, 266.) Slattery did not do so. If the defect in the jury's response was as apparent when the verdict was read as Slattery contends, the only reason for remaining silent would be to reap a " 'technical advantage' or engage in a 'litigious strategy.' " (*Woodcock v. Fontana Scaffolding & Equip. Co.* (1968) 69 Cal.2d 452, 456, fn. 2.) Therefore, we deem Slattery's failure to timely raise the issue of a defective verdict a forfeiture.

Even if we were to overlook the forfeiture, we do not have the benefit of a complete record in this case to allow us to interpret the verdict in light of the pleadings, evidence, and instructions. Slattery only designated reporter's transcripts of portions of the pretrial proceedings, the trial testimony of Steigerwalt, and the reading of the jury's

inconsistent findings regarding damages]; *City of San Diego v. D.R. Horton San Diego Holding Co., Inc.* (2005) 126 Cal.App.4th 668, 682-683 [the jury made irreconcilable special verdict findings based on different values for the same parcel of property]; *Shaw v. Hughes Aircraft Co.* (2000) 83 Cal.App.4th 1336, 1344 [the jury's finding of no breach of contract was irreconcilable with finding of breach of the implied covenant of good faith and required retrial of both claims]; *Morris v. McCauley's Quality Transmission Service* (1976) 60 Cal.App.3d 964, 966, 970 [the verdict in favor of minor's guardian ad litem for medical expenses incurred on behalf of the minor was inconsistent on the issue of liability with the verdict in favor of defendant against the minor].)

verdict. The appellant's appendix contains the operative complaint, some pleadings related to the demurrer and motion in limine, a few (but not all) pertinent minute orders, the verdict form, judgment and register of actions. The record does not contain trial testimony from the parties to the alleged representations (Slattery, Phillips and Arentz). Nor does the record contain the jury instructions or closing statements.

It is the appellant's burden to provide an adequate record on appeal. (*Ballard v. Uribe* (1986) 41 Cal.3d 564, 574 ["a party challenging a judgment has the burden of showing reversible error by an adequate record"]; *Kashmiri v. Regents of University of California* (2007) 156 Cal.App.4th 809, 849 [the appealing party must provide an adequate record demonstrating error].) "We cannot presume error from an incomplete record." (*Christie v. Kimball* (2012) 202 Cal.App.4th 1407, 1412.) We are not permitted to speculate as to the contents of the missing portions of the record or the issues the plaintiffs may have raised below. (*Rossiter v. Benoit* (1979) 88 Cal.App.3d 706, 712.) The failure to provide an adequate record on appeal "precludes an adequate review and results in affirmance of the trial court's determination." (*Estrada v. Ramirez* (1999) 71 Cal.App.4th 618, 620, fn. 1.)[3]

---

[3] We do not consider Slattery's assertion that the evidence and instructions regarding the misrepresentation claims were the same because these assertions are not supported by references to the record and we deem these arguments forfeited. (*Regents of University of California v. Sheily* (2004) 122 Cal.App.4th 824, 826, fn. 1; citing *Kim v. Sumitomo Bank* (1993) 17 Cal.App.4th 974, 979 and *Trinkle v. California State Lottery* (2003) 105 Cal.App.4th 1401, 1413; see also *Nwosu v. Uba* (2004) 122 Cal.App.4th 1229, 1246 [statements in appellate briefs not supported by citations to the record are improper and cannot be considered].)

## II

### *Denial of Leave to Amend Operative Complaint*

Slattery challenges the court's order sustaining Phillips's demurrer to two causes of action in the operative complaint without leave to amend and the subsequent denial of his motion for leave to file a fourth amended complaint.  Ordinarily, in reviewing a challenge to a demurrer, we will assume the truth of all properly pleaded material facts, as well as facts inferred from the pleadings and those of which judicial notice may be taken. (*Howard Jarvis Taxpayers Assn. v. City of La Habra* (2001) 25 Cal.4th 809, 814.) However, it remains plaintiff's "burden to show either that the demurrer was sustained erroneously or that the trial court's denial of leave to amend was an abuse of discretion." (*Keyes v. Bowen* (2010) 189 Cal.App.4th 647, 655.)

Slattery does not challenge the merits of the court's ruling on Phillips's demurrer, he challenges only the denial of leave to amend.  Slattery contends, for the first time on appeal, the complaint could have been amended to state a cause of action for unlawful business practices in violation of the unfair competition law (UCL) (Bus. & Prof. Code, § 17200).  Slattery's opposition to the demurrer conceded Business and Professions Code section 6125 does not provide for a private right of action for the unlicensed practice of law, but asserted such conduct could "form the basis for a cause of action under some other statute or legal theory, including negligence."  However, Slattery never articulated a basis for a cause of action under the UCL in the opposition to the demurrer.  Nor did Slattery attempt to plead such a cause of action in the proposed fourth amended complaint.

9

" 'The purpose of the UCL [citation] "is to protect both consumers and competitors by promoting fair competition in commercial markets for goods and services. [Citation.]" ' [Citation.] 'A UCL action is equitable in nature; damages cannot be recovered. [Citation.] … [U]nder the UCL, "[p]revailing plaintiffs are generally limited to injunctive relief and restitution." ' " (*Hale v. Sharp Healthcare* (2010) 183 Cal.App.4th 1373, 1381.) "[A] private person has standing to bring a UCL action only if he or she 'has suffered injury in fact and has lost money or property as a result of the unfair competition.' [Citations.] 'A private plaintiff must make a twofold showing: he or she must demonstrate injury in fact *and* a loss of money or property caused by unfair competition.' " (*Id*. at p. 1382.)

Slattery provides no response in his reply brief to Phillip's argument Slattery lacks standing for a UCL cause of action other than to say the issue was not raised below. True enough. However, it is Slattery's burden on appeal to establish how he can amend his complaint to state a cause of action. " 'The assertion of an abstract right to amend does not satisfy this burden.' [Citation.] The plaintiff[s] must clearly and specifically state 'the legal basis for amendment, i.e., the elements of the cause of action,' as well as the 'factual allegations that sufficiently state all required elements of that cause of action.' " (*Maxton v. Western States Metals* (2012) 203 Cal.App.4th 81, 95.) Slattery has not met this burden. Therefore, we cannot conclude the trial court abused its discretion in denying leave to amend the complaint.

## III

### *Exclusion of Evidence at Trial*

Slattery contends the trial court abused its discretion in excluding evidence regarding State Bar proceedings against Phillips and Steigerwalt and in sustaining objections to testimony of Phillips's attorney, Claudio Iannitelli, based on attorney-client privilege. We do not agree.

### A

We review a court's exclusionary rulings on issues of evidence for abuse of discretion. "The trial court enjoys 'broad authority' over the admission and exclusion of evidence. [Citation.] … The trial court's authority is particularly broad 'with respect to rulings that turn on the relevance of the proffered evidence.' [Citation.] Furthermore, '[i]t is for the trial court, in its discretion, to determine whether the probative value of relevant evidence is outweighed by a substantial danger of undue prejudice. The appellate court may not interfere with the trial court's determination … unless the trial court's determination was beyond the bounds of reason and resulted in a manifest miscarriage of justice.' " (*McCoy v. Pacific Maritime Assn.* (2013) 216 Cal.App.4th 283, 295-296.)

### B

### 1

Prior to trial Phillips moved in limine to exclude evidence of disciplinary proceedings against him by the State Bar of Arizona because such evidence was more prejudicial than probative. (Evid. Code, § 352.) Slattery's attorney conceded the Arizona bar proceedings could not come in unless the door was opened.

11

On appeal, Slattery states, with no evidentiary support, "Mr. Phillips and Mr. Steigerwalt had been disciplined publically by suspension from the practice of law for the same kind of conduct that Mr. Slattery had complained [*sic*]. Evidence of Messrs. Phillips and Steigerwalt's bar discipline was admissible to impeach their testimony."

Slattery provided no argument supported by either the record or legal authority regarding why the State Bar proceedings against Phillips in another state had any probative value to the issues before the jury in this case and, if there is any probative value, why it was not outweighed by the prejudicial impact of such evidence. Additionally, Slattery provided no transcript of Phillips's testimony. We will not speculate regarding the contents of his testimony or presume error from this incomplete record. Therefore, we disregard this argument. (*Regents of University of California v. Sheily*, *supra,* 122 Cal.App.4th at p. 826, fn. 1; *Christie v. Kimball*, *supra*, 202 Cal.App.4th at p. 1412.)

2

Slattery also contends he should have been able to use the fact Steigerwalt was suspended from the practice of law by the State Bar of California to impeach Steigerwalt's "untruthful statements" and to show the suspension was based on the activity about which Slattery allegedly complained.

Slattery's counsel asked Steigerwalt if Slattery complained to him about how the office was run. Steigerwalt said, "He would complain." When asked if the complaining bothered him, Steigerwalt responded, "No. You know what, it made me realize his character trait. They weren't legitimate complaints necessarily. They were just constant.

12

Yeah, he did it to raise issues and I'm aware that he complained a lot." When asked if he complained about client refunds, Steigerwalt responded, "Probably."

Slattery's counsel then asked if Slattery complained to the California State Bar about client refunds. Steigerwalt responded by saying, "I have no idea. I still haven't seen those complaints he allegedly made to the bar. … I've never been addressed by either the Attorney General, Department of Labor, state bar about anything that Slattery allegedly raised in these letters."

Slattery's counsel then asked, "You were addressed by the state bar about problems in your firm?" Steigerwalt responded, "Oh, yes, I was." When Slattery's counsel asked whether Steigerwalt was currently practicing law, the court sustained an objection saying Steigerwalt had not opened the door.

This exchange does not suggest Steigerwalt raised the collateral issue of State Bar proceedings or opened the door to admitting evidence of his suspension. Slattery's counsel raised the issue. (*People v. Lavergne* (1971) 4 Cal.3d 735, 744 [a "party may not cross-examine a witness upon collateral matters for the purpose of eliciting something to be contradicted"].)

When Steigerwalt was asked if Slattery complained to the State Bar about client refunds, Steigerwalt's response indicates he did not know because he had not seen Slattery's complaints and was not told what was in Slattery's letters to the State Bar. It does not suggest Steigerwalt was being untruthful. Steigerwalt admitted the State Bar "addressed" him regarding problems in his office. Based on this record, we cannot

13

conclude the trial court abused its discretion in excluding evidence regarding Steigerwalt's suspension as more prejudicial than probative.  (Evid. Code, § 352.)

C

Slattery contends the trial court abused its discretion by sustaining objections on the basis of attorney-client privilege to questions posed to Phillips's attorney, Iannitelli. Slattery contends Phillips waived the attorney-client privilege when he consented to allow his attorney to testify (Rules Prof. Conduct, rule 5-210) and when he cross-examined Iannitelli.

However, Slattery did not provide a transcript of Iannitelli's testimony.  Again, because Slattery failed to provide an adequate record on appeal, we have no basis to evaluate this claim and we must disregard the argument.  (*Estrada v. Ramirez, supra*, 71 Cal.App.4th at p. 620, fn. 1.)[4]

---

[4]    A footnote in Slattery's opening brief, filed on September 19, 2014, advised the court he had requested a reporter's transcript of Iannitelli's testimony, which was not yet available, and he would move to augment the record.  In December 2014 Slattery filed an opposition to Phillips's motion to dismiss, discussed *ante*, and represented he had received the transcript of Iannitelli's testimony and intended to file a motion to augment. However, Slattery did not file the motion to augment until March 10, 2015, which was the same day he filed his reply brief.  He submitted six pages of excerpts from a partial transcript of Iannitelli's trial testimony.  The certificate of the certified shorthand reporter is dated September 30, 2014, nearly six months before the motion to augment was filed. We deny the motion to augment as untimely.  (*People v. Preslie* (1977) 70 Cal.App.3d 486, 492 [requests for augmentation of the record "made after a reasonable time has expired from receiving the record on appeal, and particularly as late as those contained in briefs, will be denied absent a strong showing of unusual or unavoidable circumstances giving rise to the delay"].)  Even if we were to consider the passages provided, they do not reflect the testimony to which objections were allegedly erroneously sustained and do not assist our review.

IV

*Motion to Dismiss*

Phillips filed a motion to dismiss on November 13, 2014, asserting the appeal should be dismissed based on Slattery's noncompliance with rule 8.130(a)(2) of the California Rules of Court.  Slattery opposed the motion. Given our decision, we deny the motion to dismiss as moot.

## DISPOSITION

The judgment is affirmed.  Phillips shall recover his costs on appeal.

McCONNELL, P. J.

WE CONCUR:

BENKE, J.

IRION, J.