Filed 5/28/24  Motorola Solutions v. Pick CA2/5
**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| MOTOROLA SOLUTIONS, INC., | B310009 c/w B311772 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. SC123039) |
| v. | |
| HAROLD PICK et al., | |
| Defendants and Appellants. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Craig D. Karlan, Judge.  Affirmed in part, reversed in part, and remanded with directions.

Lesches Law and Levi Lesches for Defendant and Appellant Harold Pick.

Law Offices of Robert Mills and Robert Mills for Defendant and Appellant Ferdinand Aguinaldo.

Jay Francis, in pro. per., for Defendant and Appellant.

Timothy D. McGonigle, Benedon & Serlin, Judith E. Posner, and Kelly R. Horwitz for Plaintiff and Respondent.

### *INTRODUCTION*

In 2014, plaintiff and respondent Motorola Solutions, Inc. (Motorola) sued defendants and appellants Harold Pick; his mother, Ann Pick; and his friend Jay Francis under the Uniform Voidable Transactions Act (Civ. Code, § 3439 et seq.) (UVTA or Act).[1] Motorola claimed the trio had schemed to buy Ann a house with $250,000 of Harold's money, thereby preventing Motorola from seizing those funds to collect on a judgment. At trial, the jury concluded that although Harold had indeed concealed the funds, Ann and Francis were good faith transferees for value, and Motorola could not void the sale. The jury separately found Harold had committed fraud by concealment, which had not been separately pled in the complaint, and awarded Motorola $250,504 in damages. At the subsequent bench trial on declaratory and equitable relief, the trial court reformed the deed to the house to grant Motorola a share of the property proportionate to the money Harold had given Ann—namely, the damages the jury had awarded for the concealment claim.

Although appellants collectively raised more than a dozen issues on appeal, we find one dispositive: The jury did not reach a verdict on every element of the concealment claim because it was not asked to decide whether Harold had a duty of disclosure to Motorola. Since Motorola used a special verdict form, we cannot imply the missing finding. Accordingly, we reverse the judgment as to the concealment claim and the court's equitable actions, which were based on the concealment verdict, vacate the verdict on the concealment claim, and remand with instructions.

---

[1]     Because the Picks share a surname, we refer to them by their first names.

## BACKGROUND

In 2005, Motorola obtained a $1.3 million judgment against Harold for copyright infringement. Harold has not paid any funds toward the debt, and until Motorola filed suit in this matter, it had made no effort to collect on the judgment.

In 2009, Harold inherited a house in San Francisco, which he sold the same year for $571,639.56. Harold transferred the funds to his attorney, who deposited them in a client trust account. In 2012, through a complicated series of financial transactions, Harold transferred (or caused to be transferred) approximately $250,000 into an escrow account to be used toward the purchase of a house for Ann on Bundy Drive in West Los Angeles.[2] Ann bought the house in her name, together with Francis, who also contributed money toward the purchase. In exchange for his contribution, Harold was given a lease to reside at the property. That is, Harold's contribution was treated as prepaid rent.

In August 2014, Motorola filed a complaint against Ann, Harold, Francis, and several defendants who are not parties to this appeal asserting three causes of action to set aside a fraudulent transfer under the UVTA (Civ. Code, §§ 3439.04, subds. (a)(1) & (a)(2)(b), 3439.05), and one cause of action against Ann and Francis—but not Harold—for declaratory and equitable relief seeking to reform the deed to the house (Bundy deed).

### 1. *Jury Trial and Verdict*

Beginning in August 2019, the case was tried in two parts. First, a jury trial was held to resolve the complaint's three causes

---

[2] Ann was 85 years old at the time and had been evicted from her home, along with her five cats and four dogs.

of action under the UVTA. Second, the court held a bench trial in equity to resolve Motorola's fourth cause of action for declaratory relief and reformation of the Bundy deed.

Shortly before jury selection, Motorola suggested, for the first time, that it planned to proceed on the theory of fraud by concealment against Harold only, explaining that it was "subsumed, as stated in one of the cases, is—within the fraudulent conveyance statute is the common law tort of concealment, and I've got a jury instruction on concealment, so that's going to . . . be part of the case as well." There was no request to amend the complaint to add another cause of action and Harold did not object. CACI 1901, jury instruction on concealment, was later given to the jury, but without the duty to disclose element necessary to find liability on concealment.[3] Motorola also confirmed, and the court agreed, that should the jury find against Motorola on the UVTA claims, the fourth cause of action on declaratory and equitable relief would be moot.

In the midst of deliberations, the jury was given three special verdicts to complete: one as to Ann's liability under the UVTA, one as to Francis's liability under the UVTA, and one as to Harold's liability for concealment. As to the first two claims, the jury found Harold had transferred property to Ann and Francis to hide it from Motorola but *also* found that Ann and Francis had received the property in good faith and in exchange

---

[3]     At oral argument, counsel for Motorola took the position that by giving the concealment jury instruction without objection, the trial court "effectively agree[d] to amend to conform to proof those jury instructions." We proceed on that understanding.

4

for reasonably equivalent value.[4]  The jury awarded Motorola $0 in damages.

As to the concealment claim, the jury answered "yes" to four questions:  Did Harold intentionally fail to disclose a fact or facts that Motorola did not know and could not reasonably have discovered?  Did Harold intend to deceive Motorola by concealing the fact?  Had the omitted information been disclosed, would Motorola reasonably have behaved differently?  Was Harold's concealment a substantial factor in causing harm to Motorola?  The jury was not asked to determine whether Harold owed Motorola a duty of disclosure.[5]  It awarded Motorola $250,504 in damages, representing the amount he had contributed to the purchase of the house.

---

[4]      The jury answered "yes" to eight questions:  Did Motorola have a right to payment from Harold?  Did Harold transfer property to Ann/Francis?  Did Motorola's right to payment from Harold arise before Harold transferred the money?  Was Harold insolvent at the time or did he become insolvent as a result of the transfer?  Did Harold transfer the money with the intent to hinder, delay, or defraud one or more of his creditors?  Did Harold believe or should he have reasonably believed he would incur debts beyond his ability to pay as they became due?  Was Harold's conduct a substantial factor in causing Motorola's harm?  Did Ann/Francis receive the property from Harold in good faith?

The jury answered "no" to two questions:  Did Harold fail to receive a reasonably equivalent value in exchange for the transfer?  Did Motorola exceed the statute of limitations?

[5]      Nor had Motorola presented evidence or argument on that point.  To the contrary, concealment was mentioned in closing argument only once, and only in passing.

## 2.     *Equitable Phase*

After the jury rendered its verdicts, the court ordered briefing on the fourth cause of action for declaratory relief and reformation of the deed.  As it had in its complaint, Motorola argued the court should reform the Bundy deed to reflect that Francis was not a joint tenant in the property and instead award him an equitable mortgage of $100,000.  Motorola did not ask the court to modify the deed to grant Motorola an ownership interest based on Harold's contribution.  Thus, the briefing addressed only that issue.

Nevertheless, at the subsequent hearing, the court construed the jury's concealment verdict as a finding that Harold's contribution was a fraudulent conveyance.  Harold's attorney explained that to the contrary, the jury found that "there was no fraudulent transfer, but there was concealment, common law concealment liability."  The court inquired as to whether there were causes of action for both, and Motorola's counsel replied:  "fraud is part of a fraudulent conveyance under the common law[,] so it doesn't need to be pled[,] it's part of the fraudulent conveyance."

At this point, and without further argument, the court began calculating the respective shares of Ann, Francis, and Motorola in the Bundy property, with Motorola's share based on the damages amount awarded in the concealment claim.  The court suggested that "the only solution here is to give interests in the property.  Nothing else is equitable or fair."

Following an additional round of briefing, the court again expressed its view that Motorola should receive a 44.16 percent interest in the property based on the money Harold had concealed from Motorola.  Defense counsel stressed the jury's

6

verdict that the funds were not "fraudulently conveyed" because "the jury found that Ann Pick and Jay Francis took in good faith. Therefore, there was no fraudulent transfer of that money to the property" and Ann could not be deprived of the funds. The court replied: "It's the same functional equivalent, though." It reasoned: "The jury was making a finding that the 250 was concealed. If I read this verdict the way I'm reading it, it was fraudulently transferred, albeit without Ms. Ann Pick's knowledge, is what the jury found, but that doesn't mean he gets to hide it."

After additional argument, the court summarized its position: "I mean[,] the jury clearly found that [Harold] concealed these funds, hid them from [Motorola] so [it] couldn't collect on them. But they also found that [Ann], his mother, didn't know about it[,] so . . . what does the court do now given that we know these funds were hidden . . . and now were used to purchase it? Do you have an equitable lien? . . . It's certainly a fair remedy. I don't have an issue with that." Ultimately, the court ordered additional briefing on whether, in fashioning equitable relief, it was bound by the jury's findings.

### 3.    *Judgment and Appeal*

The court eventually concluded the Bundy deed should be reformed for Francis, Ann, and Motorola to share ownership as tenants in common in proportion to their financial contributions to the purchase of the Bundy house, with Motorola's share representing Harold's contribution.

On November 20, 2020, the court entered an amended judgment incorporating the jury's findings on the UVTA causes of action and the concealment claim, as well as its own ruling on the equitable cause of action. Ann, Harold, and Francis appealed.

7

## *DISCUSSION*

Harold contends the judgment must be vacated because the jury did not render a verdict on every required element of the concealment claim. Specifically, he asserts the jury did not determine that he owed Motorola a duty of disclosure. Motorola does not dispute that there is no jury finding on that element. Instead, it contends Harold has forfeited the error by failing to object to the jury instructions below.[6]

**1.** ***The jury did not find Harold had a duty of disclosure.***

**1.1.** *Legal Principles and Standard of Review*

As we have discussed, the jury in this case was asked to render its verdict on a special verdict form. "Using a special verdict (rather than a general verdict) can be risky. On the front end, the plaintiff must be excruciatingly careful to make sure that the special verdict form contains every finding necessary to sustain a cause of action [citations] because any missing elements preclude a judgment in the plaintiff's favor. The risk of error falls solely on the plaintiff because it is the plaintiff, as the party with the burden of proof, who has the 'responsibility for submitting a verdict form sufficient to support her causes of action.' [Citation.] On the back end, the plaintiff is limited to the

---

[6] Although Motorola correctly identifies Harold's challenge to the special verdict in heading II.E of its respondent's brief, it treats the argument as an assertion of instructional error; it does not specifically address either Harold's challenge to the jury's verdict or the special verdict form upon which that verdict was based. Nor does Motorola acknowledge that the special verdict form was missing an element of the concealment claim. We nevertheless construe Motorola's invited error argument to apply to this claim as well.

8

express findings made by the jury in the special verdict form and, unlike with a general verdict, courts cannot imply findings to support a special verdict. [Citations.] If an essential finding is missing, its 'absence . . . precludes judgment for the plaintiff on that claim.' " (*Drink Tank Ventures LLC v. Real Soda in Real Bottles, Ltd.* (2021) 71 Cal.App.5th 528, 545.) The correctness of a special verdict is a matter of law, which we review de novo. (*Zagami, Inc. v. James A. Crone, Inc.* (2008) 160 Cal.App.4th 1083, 1092.)

> **1.2.** *The jury rendered an incomplete verdict on the concealment claim.*

"A cause of action for fraud contains 'the following elements: (1) a knowingly false representation by the defendant; (2) an intent to deceive or induce reliance; (3) justifiable reliance by the plaintiff; and (4) resulting damages. [Citation.]' [Citation.] [¶] '[T]he elements of an action for fraud . . . based on concealment are: (1) the defendant must have concealed or suppressed a material fact, (2) *the defendant must have been under a duty to disclose the fact* to the plaintiff, (3) the defendant must have intentionally concealed or suppressed the fact with the intent to defraud the plaintiff, (4) the plaintiff must have been unaware of the fact and would not have acted as he did if he had known of the concealed or suppressed fact, and (5) as a result of the concealment or suppression of the fact, the plaintiff must have sustained damage.' " (*Hasso v. Hapke* (2014) 227 Cal.App.4th 107, 127, italics added.)

Thus, before there can be liability for concealment, there must be a duty to disclose. (Civ. Code, § 1710, subd. (3) [deceit includes "suppression of a fact, by one who is bound to disclose it, or who gives information of other facts which are likely to

9

mislead for want of communication of that fact"]; *Hoffman v. 162 North Wolfe LLC* (2014) 228 Cal.App.4th 1178, 1186–1187.) That duty usually arises in the context of fiduciary relationships, but outside of the fiduciary context, a "relationship between the parties is present if there is 'some sort of transaction between the parties. [Citations.] Thus, a duty to disclose may arise from the relationship between seller and buyer, employer and prospective employee, doctor and patient, or parties entering into any kind of contractual agreement.' " (*Hoffman*, at p. 1187.)

Harold contends the jury's verdict does not encompass every element of fraud by concealment because the jury was not asked to determine, and did not find, that he owed Motorola a duty of disclosure. That is, although he had a duty to refrain from committing fraud, he had no independent duty to announce to Motorola that he intended to hide assets by buying his mother a house. (See *Bank of America Corp. v. Superior Court* (2011) 198 Cal.App.4th 862, 872–873.)

"When a special verdict is used and there is no general verdict, we will not imply findings in favor of the prevailing party. [Citation.] If a fact necessary to support a cause of action is not included in such a special verdict, judgment on that cause of action cannot stand." (*Behr v. Redmond* (2011) 193 Cal.App.4th 517, 530 (*Behr*).) The plaintiff "bear[s] the responsibility for a special verdict submitted to the jury on [his] own case" and must therefore ensure that a special verdict allows the jury to " 'resolve all of the ultimate facts' " so that " ' "nothing shall remain to the court but to draw from them conclusions of law." ' " (*Myers Building Industries, Ltd. v. Interface Technology, Inc.* (1993) 13 Cal.App.4th 949, 959–960, 961–962.)

10

Here, the jury answered "yes" to four questions: Did Harold intentionally fail to disclose a fact or facts that Motorola did not know and could not reasonably have discovered? Did Harold intend to deceive Motorola by concealing the fact? Had the omitted information been disclosed, would Motorola reasonably have behaved differently? Was Harold's concealment a substantial factor in causing harm to Motorola? This verdict does not include a finding that Harold had a duty to disclose his inheritance to Motorola. As we may not imply the missing finding, the jury did not return a complete verdict on the concealment claim.

**1.3.** *Harold did not invite the error.*

Although the plaintiff bears the burden of submitting a special verdict form that obtains a finding on each question essential to liability (*Behr, supra,* 193 Cal.App.4th at pp. 531–532.), errors in a special verdict form are not cognizable on appeal if they were invited by the defendant (*Saxena v. Goffney* (2008) 159 Cal.App.4th 316, 328–329 (*Saxena*)). Motorola claims Harold invited the error by stipulating to the special verdict form below. We are not persuaded.

First, Harold does not challenge the verdict form as such. He merely argues the verdict returned by the jury—based on Motorola's special verdict form—does not support entry of judgment on the concealment claim because the jury did not reach a verdict on every necessary element of that claim. Second, "courts have declined to apply the waiver rule 'where the record indicates that the failure to object was not the result of a desire to reap a "technical advantage" or engage in a "litigious strategy." ' " (*Saxena, supra,* 159 Cal.App.4th 316 at pp. 327–328) The record before us contains no evidence of such a scheme.

11

Motorola, not Harold, submitted the erroneous special verdict form. And though Harold ultimately acquiesced, there is no indication that he did so "as part of a litigation strategy or to gain a technical advantage." (*Saxena, supra,* 159 Cal.App.4th at p. 328.) The parties were initially unable to agree on the verdict forms, and the jury began deliberating without them. Several hours into deliberations, the court stepped in to discuss finalizing the verdict forms but as it related to the concealment claim, that discussion focused on damages and not the substantive elements of the claim.

Moreover, to the extent a party led the court astray, it was Motorola, not Harold. Early in deliberations, as the court and the parties struggled with the verdict forms, the jury sent a question: "debtor responsibility to disclose when someone has funds."[7] Motorola's attorney replied that the jury had been properly instructed on that point. Harold's attorney disagreed and sought a clarifying instruction.

> "Court [(Ct)]: Four, 'debtor responsibility to disclose when someone has funds.'
>
> "[Motorola (M)]: I think there's a jury instruction, isn't there?
>
> "Ct: Should [I] write see CACI?
>
> "[M]: They may not know what CACI is. Just see jury instructions.
>
> "[Harold (H)]: Your Honor, I think it's a question of duty. I don't think there was any instruction on a

---

[7] The jury note does not appear to be part of the record on appeal, but it is quoted in the reporter's transcript.

12

legal duty to disclose funds, meaning there's a legal duty —

"[Ct]: I'm going to say review jury instruction. If clarification is needed, please send a standalone question.

"[M]: Perfect.

"[H]: That's fine. Thank you, Your Honor. It may be possible to add that if something is not in the instructions, it's not there. I don't know if they're making up their own law.

"[Ct]: The court tends to say less than more. I don't want to say if it's not there, it's not there. If they have a legitimate question of the law which I can answer, I will, but they need to set it out separately."

To be sure, Harold could have pressed the point further—but he was not required to do so, especially given that he already expressed concern about the missing element and neither Motorola nor the court seemed to agree with him. Ultimately, it "was plaintiffs' responsibility to tender their case to the jury. If plaintiffs chose to submit a verdict form tendering less than their full case to the jury, [defendant] had no further incentive to object." (*Saxena, supra*, 159 Cal.App.4th at p. 328.) We see no evidence of invited error on this point.

**2.      *Because we reverse based on the incomplete verdict form, the remaining issues are moot.***

"It is well settled that appellate courts will decide only actual controversies. We will not opine on moot questions or abstract propositions, nor declare principles of law that cannot affect the matter at issue on appeal." (*Shaw v. Los Angeles*

13

*Unified School District* (2023) 95 Cal.App.5th 740, 772.) As we have explained, the jury's special verdict did not include findings for every element of the concealment claim. We therefore vacate the verdict on the concealment claim against Harold and remand with instructions. As such, we need not address Harold's remaining challenges to the jury's verdict.

In addition, without a verdict for Motorola on the concealment claim, there is no basis for the trial court to reform the deed to the Bundy property in Motorola's favor for the fourth cause of action. Accordingly, we need not address the parties' challenges to the court's equitable choices and the resulting judgment.

### *DISPOSITION*

The verdicts on the UVTA claims as to Ann Pick and Jay Francis are affirmed.[8]  The verdicts on the separate concealment claim as to Harold Pick and the fourth cause of action for declaratory relief are vacated and the matter is remanded for retrial of the concealment claim as against Harold Pick consistent with the views expressed in this opinion.  Upon retrial, if a verdict in favor of Motorola on the concealment claim against Harold Pick is rendered, the trial court is to reconsider what remedy, if any, is to be awarded in connection with fourth cause of action.  All parties shall bear their own costs on appeal.

LEE, J. [*]

WE CONCUR:

BAKER, Acting P. J.                    KIM. J.

---

[8]     We note that page 2 of the amended judgment contains a clerical error.  When reciting the jury's findings as to Ann Pick, the amended judgment states:  "6. 'Did Defendant Harold Pick fail to receive a reasonably equivalent value in exchange for the transfer?  Yes.' "  The jury answered that question "no."  The court should correct the error upon remand.

[*]     Judge of the San Bernardino County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.